IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 15-00098 SOM |
| ) | Civ. No. 18-00169 SOM/RLP |
| Plaintiff, ) | |
| ) | ORDER GRANTING REQUEST TO |
| vs. ) | SUPPLEMENT RECORD; ORDER |
| ) | DISMISSING MOTION UNDER 28 |
| ) | U.S.C. § 2255 AS UNTIMELY |
| RUBEN SETTLE; ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER GRANTING REQUEST TO SUPPLEMENT RECORD;
ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY**

**I.   INTRODUCTION.**

On May 9, 2018, Defendant Ruben Settle filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.  Settle argues that state-court convictions for which he received criminal history points have been expunged such that he should be resentenced with a lower criminal history category.  However, Settle fails to show expungement of any relevant state-court sentence within the year preceding the filing the present § 2255 motion.  The court therefore dismisses the § 2255 motion as untimely.

**II.   BACKGROUND.**

The background for this case was set forth in the court's Order to Show Cause of May 15, 2018.  *See* ECF No. 45. That background is incorporated herein by reference.

Although Settle has a long criminal history, he received criminal history points for only five convictions. Settle received 2 criminal history points for his conviction in Case Number 6EA6318, 2 criminal history points for his conviction in Case Number 6DY06065, 3 criminal history points for his conviction in Case Number VA102901-01, 1 criminal history point for his conviction in Case Number 8DY01449, and 3 criminal history points for his conviction in Case Number CITKA09223101. Nothing in the record indicates that any of the convictions for which Settle received criminal history points was vacated or otherwise altered in any relevant manner, let alone during the one-year period preceding the present motion.

**III.     ANALYSIS.**

For the reasons discussed in detail in the Order to Show Cause, which the court incorporates by reference, Settle fails to demonstrate that any of the convictions for which he received criminal history points has been expunged, let alone expunged within the limitations period. Because Settle also fails to demonstrate that the applicable limitations period should be equitably tolled, the court dismisses Settle's § 2255 motion as untimely.

Settle's response to the Order to Show Cause, ECF No. 47, asserts that state-court convictions have been recently expunged. He then asks the court to consider what he represents

are records of expunged cases. The court grants his request to supplement the record with the documents. *See* ECF No. 46. However, neither those documents nor previous documents filed in this case demonstrate that any state-court conviction has been expunged.

In his supplemental record responding to the court's Order to Show Cause, Settle attaches a letter from the Los Angeles County District Attorney's Office dated April 26, 2018. That letter states, "THE WARRANT ON CASE NUMBER 4PR02665 WAS RECALLED ON 2/16/2018. THE CASE IS CLOSED." ECF No. 46, PageID # 359. But that happened in a case for which Settle did not receive criminal history points. Moreover, having a warrant recalled is not the same thing as having a conviction expunged. In fact, in Settle's § 2255 motion, he attaches a page of the docket sheet for that case. *See* ECF No. 44-7, PageID # 339. The docket sheet indicates that, on April 22, 2014, a no bail warrant was issued for Settle's arrest because Settle failed to appear before the court. *Id.* That the court "recalled" the warrant for Settle's arrest does not justify the relief Settle now seeks.

The rest of the supplemental record responding to the court's Order to Show Cause consists of Settle's submissions to state courts, not evidence that any state-court conviction has been expunged. *See* ECF No. 46, PageID #s 360-65.

Settle fails to demonstrate that any state-court conviction for which he received criminal history points was expunged or otherwise altered during the relevant limitations period. This court, for the reasons set forth in the Order to Show Cause, dismisses the § 2255 motion as untimely.

## IV. CONCLUSION.

For the reasons set forth in the Order to Show Cause, and because Settle has failed to demonstrate that he timely filed his § 2255 motion or that the limitation period should be equitably tolled, the court dismisses the § 2255 motion as untimely.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 22, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Settle, Cr. No. 15-00098 SOM; Civ. No. 18-00169 SOM/RLP; ORDER GRANTING REQUEST TO SUPPLEMENT RECORD; ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255 AS UNTIMELY